| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**LARRY LESNIK**<br>**NORRIS McLAUGHLIN & MARCUS, PA**<br>**P.O. Box 5933**<br>**Bridgewater, NJ 08807-5933**<br>**(908) 722-0700**<br>**Special Counsel to Debtor** | |
| In Re:<br><br>BAYONNE MEDICAL CENTER,<br><br>Debtor | |
| BAYONE MEDICAL CENTER,<br><br>Plaintiff.<br><br>v.<br><br>AMERICAN PHYSICIAN SERVICES, P.C.,<br><br>Defendant. | Chapter 11<br><br>Case No: 07-15195/MS<br><br>Adv. Pro. No. 09- |

### ADVERSARY COMPLAINT FOR RECOVERY OF PREFERENTIAL PAYMENTS

Plaintiff Bayonne Medical Center ("Bayonne" or the "Debtor"), the Debtor and Debtor-In-Possession in the within proceeding, by and through its attorneys, Norris McLaughlin & Marcus, PA, by way of adversary complaint against Defendant American Physician Services, P.C. states the following:

### JURISDICTION

1. This is an adversary proceeding seeking the entry of a money judgment against the defendant.

2. This adversary proceeding arises in and relates to the chapter 11 case of Bayonne, which is now pending in this district.

3. The court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 and 11 U.S.C. §§547 and 550.

4. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (F). To the extent the claim asserted herein does not constitute a core proceeding, such claim is otherwise related to Bayonne's bankruptcy proceeding, and thus this Court may hear this matter pursuant to 28 U.S.C. §157(c)(1).

5. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §1409.

6. This matter arises under 11 U.S.C. §§547 and 550.

## BACKGROUND

7. On April 16, 2007 (the "Commencement Date") Bayonne commenced with this Court a voluntary case under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

8. Bayonne continued to operate its business and manage its properties as a debtor-in-possession pursuant to §1107(a) and 1108 of the Bankruptcy Code after the Commencement Date.

9. Bayonne has title to all of its causes of action under section 5 of the Bankruptcy Code.

## PARTIES

10. Bayonne is a corporate entity which operated from 29th Street & Avenue E, Bayonne, NJ 07002.

11. Upon information and belief, American Physician Services, P.C. is a corporate entity with a business address of 679 Montgomery St., Jersey City, NJ 07306.

## COUNT I

## AVOIDANCE OF PREFERENTIAL TRANSFERS

12. Bayonne repeats and realleges paragraphs 1-11 as if fully set forth herein.

13. Within 90 days of the Commencement Date, Bayonne transferred to American Physician Services, P.C. a total of $60,000.00 (the "APS Preferential Transfers") pursuant to the following transfers:

| Check Date | Check No. | Transfer Amount |
|---|---|---|
| 1-24-07 | 96852 | $20,000.00 |
| 2-22-07 | 97355 | $20,000.00 |
| 3-30-07 | 98017 | $20,000.00 |

14. The APS Preferential Transfers made by Bayonne to American Physician Services, P.C. constitute transfers of interest of the Debtor in property:

(a) To or for the benefit of a creditor;

(b) For or on account of an antecedent debt made by the Debtor before the transfers were made; and

(c) Made while the Debtor was insolvent.

15. The APS Preferential Transfers enabled American Physician Services, P.C. to receive more than it would receive if:

(a) The case was a case under chapter 7 of the Bankruptcy Code;

(b) The transfers had not been made; and

(c) American Physician Services, P.C. received payment of such debt to the extent provided by the provisions of Title 11.

16. By reason of the foregoing, the APS Preferential Transfers made by the Debtor to American Physician Services, P.C. are voidable by Bayonne pursuant to 11 U.S.C. Section 547(b).

WHEREFORE, Bayonne requests the entry of a judgment against American Physician Services, P.C. as follows:

    (a)    Avoiding the APS Preferential Transfers:

    (b)    Directing American Physician Services, P.C. to immediately pay Bayonne the sum of $60,000.00 together with post-judgment interest thereon;

    (c)    Awarding to Bayonne costs, expenses and reasonable attorneys' fees; and

    (d)    Granting such other and further relief as the Court deems just and equitable.

## COUNT II

### RECOVERY OF PREFERENTIAL TRANSFERS

17.    Bayonne repeats and realleges Paragraphs 1 through 16 as if fully set forth herein.

18.    Upon information and belief, American Physician Services, P.C. was the initial transferee of the APS Preferential Transfers, the person for whose benefit the APS Preferential Transfers were made, or the beneficial transferee thereof.

19.    Pursuant to 11 U.S.C. Section 550, Bayonne is entitled to recover the APS Preferential Transfers together with post-judgment interest thereon at the maximum legal rate.

WHEREFORE, Bayonne requests the entry of a judgment against American Physician Services, P.C. as follows:

    (a)    Avoiding the APS Preferential Transfers;

    (b)    Directing American Physician Services, P.C. to immediately pay Bayonne the sum of $60,000.00 together with post-judgment interest thereon;

    (c)  Awarding Bayonne costs, expenses and reasonable attorneys' fees; and

    (d)  Granting such other and further relief as the Court deems just and equitable.

            NORRIS McLAUGHLIN & MARCUS, PA
            Attorneys for Bayonne Medical Center

Dated: April    , 2009    By: __/s/ Larry Lesnik_____
             Larry Lesnik